Terri H. Didion, Assistant United States Trustee
State Bar No. CA 133491
Carlos R. Hernandez-Vivoni, Trial Attorney
State Bar No. TX 24096186
Email: *carlos.hernandez-vivoni@usdoj.gov*
Edward M. McDonald Jr., Trial Attorney
State Bar No. NY 4126009
Email: *edward.m.mcdonald@usdoj.gov*
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Tel: (702) 388-6600
Attorneys for the United States Trustee for Region 17
      TRACY HOPE DAVIS

E-Filed:  January 27, 2023

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>**GRASS VALLEY HOLDING LIMITED PARTNERSHIP,**<br><br>                            Debtor. | Case No: BK-S-22-14484-ABL<br>Chapter 11<br><br>Date:  March 1, 2023<br>Time:  1:30 p.m.<br>Location:  Foley Courtroom 1-Remote<br>Tel:  (669) 254-5252;<br>Meeting ID: 161 110 6049; Code: 154251# |

**MOTION OF THE U.S. TRUSTEE TO DISMISS OR CONVERT CHAPTER 11 CASE PURSUANT TO 11 U.S.C. §§ 1112(b) AND (e) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 1017(f) AND 9014 AND RESERVATION OF RIGHTS**

To the Honorable AUGUST B. LANDIS, Chief United States Bankruptcy Judge**:**

Tracy Hope Davis, United States Trustee for Region 17 ("U.S. Trustee"), hereby files this Motion of the U.S. Trustee to Dismiss or Convert Chapter 11 Case Pursuant To 11 U.S.C. §§ 1112(b) and (e) and Federal Rules of Bankruptcy Procedure 1017(f) and 9014 ("Motion").[1]

---

[1] Unless otherwise noted: "Section" refers to a section of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"); "FRBP" refers to the Federal Rules of Bankruptcy Procedure; FRE refers to the Federal Rules of Evidence; and, "ECF No." refers to the main bankruptcy docket for case number 22-14105-MKN.


"Cause" exists to dismiss or convert to Chapter 7 this Chapter 11 case, because Grass Valley Holding Limited Partnership ("Debtor") has failed to: (1) appear at the 341 meeting of creditors without good cause shown; (2) provide information reasonably requested by the U.S. Trustee and to appear at the initial debtor interview; (3) expeditiously prosecute this case; and, (4) the amalgam of factors indicates that Debtor has filed this case in bad faith (e.g. Debtor owns only one encumbered and distressed asset that was set to be foreclosed upon near the time the case was filed, few unsecured creditors, little or no cash flow, no apparent means of forestalling loss of the single asset other than bankruptcy, etc.). An additional ground to grant this Motion pursuant to Section 1112(e) because Debtor failed to file its schedules and statements within the time limits set by the Federal Rules of Bankruptcy Procedure or by Court order granting an extension.[2] For these reasons, the U.S. Trustee has established cause to dismiss or convert this case pursuant to Section 1112(b) and (e).

Consistent with her independent and statutory duties, the U.S. Trustee reserves all rights with respect to this matter, including, but not limited to her right to take any appropriate action

---

The U.S. Trustee requests that the Court take judicial notice of the pleadings and documents filed in the Debtor's case, pursuant to FRBP 9017 and FRE 201. To the extent that the Motion contains factual assertions predicated upon statements made by Debtor, any of its current or former affiliates, agents, attorneys, professionals, officers, directors or employees, the U.S. Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under FRBP 9017 and FRE 801(d)(2).

[2] Unless otherwise noted: "Section" refers to a section of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"); "FRBP" refers to the Federal Rules of Bankruptcy Procedure; FRE refers to the Federal Rules of Evidence; and, "ECF No." refers to the main bankruptcy docket for case number 22-14484-ABL.

The U.S. Trustee requests that the Court take judicial notice of the pleadings and documents filed in the Debtor's case, pursuant to FRBP 9017 and FRE 201. To the extent that the Motion contains factual assertions predicated upon statements made by Debtor, any of its current or former affiliates, agents, attorneys, professionals, officers, directors or employees, the U.S. Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under FRBP 9017 and FRE 801(d)(2).

under title 11 of the United States Code, the Federal Rules of Bankruptcy Procedure, and the local bankruptcy rules of the United States Bankruptcy Court.

The Motion is supported by the following Memorandum of Points and Authorities.

I. **SUMMARY OF THE BANKRUPTCY CASE**

A. **Background Facts and Procedural Posture.**

1. On December 21, 2022, Debtor commenced this case by filing a voluntary Chapter 11 bankruptcy petition which indicates that Debtor's principal place of business is located at 10530 Eagle Nest St., Las Vegas, NV 89141 (the "Property"). [*See* ECF No. 1, p. 1 of 5; item 4]. Donald S. Herman signed the petition as the Debtor's representative. [*See* ECF No. 1, p. 5 of 5; item 17].

2. On December 21, 2022, Debtor also filed Schedules A/B and D, verification of a creditors matrix and matrix, and an authorization to file bankruptcy. [*See* ECF Nos. 1-5].

3. Debtor's creditor matrix contains only the names and addresses of the Debtor, Debtor's counsel of record, and two other entities, MTC Financial Inc, DBA Trustee Corps and Specialized Loan Servicing ("SLS"). [*See* ECF No. 3, p. 2 of 2].

4. Debtor filed this case on the day the Property was to be sold at auction. [*See* Declaration of Carla K. Cordero ("Cordero Declaration"), pp. 3-4; ¶16 & Exh. 3].

5. The entity page for the Debtor maintained by the Secretary of States for Nevada indicates that its status is "permanently revoked."[3] [*See* Declaration of Carla K. Cordero ("Cordero Declaration"), p. 2; ¶6 & Exh. 2].

---

[3] The Nevada Revised Statutes ("NRS") provide that "the Secretary of State shall reinstate any limited partnership which has forfeited or which forfeits its right to transact business under the provisions of this chapter and restore to the limited partnership its right to carry on business in this State, and to exercise its privileges and immunities" if the Nevada limited partnership files the documents and pays the fees required by NRS 87A.310(1)(a) and (1)(b). *See* NRS 87A.310(1). However, the NRS also provides that "[i]f a limited partnership's certificate has been revoked pursuant to the provisions of this chapter and has remained revoked for a period of 5 years, the certificate must not be reinstated." *See* NRS 88.410(4); NRS 87A.310(4). Thus, to be permanently revoked, the Debtor's limited partnership certificate must have been revoked for at least 5 years. Accordingly, it does not appear that the Debtor has had the ability to transact business as a limited partnership in Nevada during that period of time, including at the time that the resolutions filed as ECF number 5 were signed by Mr. Herman on December 21, 2022 which purport to authorize the Debtor to file this case. [*See* ECF No. 5].

6. On January 23, 2023, more than a month after this case commenced, Debtor filed Schedules E/F, G and H, and refiled Schedules A/B and D, a statement of financial affairs ("SOFA"), and a Disclosure of Compensation (Form 2030) as required by FRBP 2016 ("2016 Statement"). [*See* ECF Nos. 13-16].

7. To date, Debtor has failed to file the following documents: Summary of Assets and Liabilities for Non−Individuals; list of equity security holders; and the List of Creditors Holding 20 Largest Unsecured Claims. [*See* ECF No. 8; *see generally* Case Docket]. Debtor also failed to file a motion to extend the deadlines to file its schedules and statements. [*See generally* Case Docket].

8. Debtor's creditor matrix contains only the names and addresses of the Debtor, Debtor's counsel of record, and two other entities, MTC Financial Inc, DBA Trustee Corps and Specialized Loan Servicing ("SLS"). [*See* ECF No. 3, p. 2 of 2].

9. Debtor's Schedules, statements, SOFA, and the 2016 Statement provide the following information:

- Debtor owns only one asset, real property located at 10530 Eagle Nest St., Las Vegas, NV 89141 (the "Property") with a scheduled valued of $730,000.00;
- Debtor has no money in accounts, cash on hand, or accounts receivable;
- Debtor has only one secured creditor, Specialized Loan Servicing, with a disputed claim on the Property of an unknown value;
- Debtor has no priority unsecured or non-priority unsecured creditors;
- Debtor is not a party to any executory contracts or unexpired leases;
- Debtor has no co-debtors;
- Debtor's SOFA lists nothing at all, including gross business or non-business revenue, except a $7,500 prepetition payment made by Debtor to the Law Offices of Michael J. Harker (which is also listed on the 2016 Statement).

[*See* ECF Nos. 2, 3 & 13-16].

10. No trustee or official committee currently serves in this case. [*See generally* case docket].

11. On December 22, 2022, the Office of the U.S. Trustee requested that Debtor produce by January 11, 2023, certain information, including evidence of insurance coverage, in advance of an initial debtor interview ("IDI") that the U.S. Trustee requested that the Debtor's representative and counsel attend on January 18, 2023. [*See* Cordero Declaration, p. 3; ¶13].

12. Debtor has failed to provide all of the requested documents. [*See* Cordero Declaration, p. 3; ¶¶14-15].

13. Debtor's representative, Donald S. Herman, failed to appear at the IDIs on January 18 and 23, 2023, although Debtor's counsel of record did appear. [*See* Cordero Declaration, pp. 3-4; ¶¶16-18].

14. The IDI documents and the time period given for producing those documents are standard for Chapter 11 cases. [*See* Cordero Declaration, p. 4; ¶20].

15. The Section 341 meeting of creditors was held on January 26, 2023, but because Donald S. Herman did not appear, was continued to March 9, 2023. [*See* ECF Nos. 6 & 18].

II. **STATEMENT OF JURISDICTION AND VENUE**

16. The Bankruptcy Court has jurisdiction over this bankruptcy case pursuant to 28 U.S.C. §§ 1334(a), 1334(b), and 157(b).

17. The U.S. Trustee brings this Motion pursuant to her statutory duty to monitor bankruptcy cases under 28 U.S.C. § 586(a)(3).

18. The U.S. Trustee has standing to prosecute the Motion pursuant to Sections 307 and 1112 and FRBP 1017 and 9014.

19. Venue of this case and the contested matter presented by the Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

20. Pursuant to LR 9014.2, the U.S. Trustee consents to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of

the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

### III. MEMORANDUM OF POINTS AND AUTHORITIES

**A. Cause exists under 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4) to convert or dismiss this bankruptcy case.**

21. Section 1112(b)(1) of title 11 of the United States Code provides that:

> Except as provided in paragraph (2) and subsection (c), on request . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

22. Section 1112(b) includes a non-exclusive list of what constitutes "cause;" however, the court should "consider other factors as they arise, and use its equitable power to reach the appropriate result." *Pioneer Liquidating Corp. v. U.S. Trustee (In re Consolidated Pioneer Mortgage Entities),* 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000) *aff'd,* 264 F.3d 803 (9th Cir. 2001). The bankruptcy court has broad discretion to determine what constitutes "cause" adequate for conversion or dismissal under § 1112(b). *Id.*

23. As movant, the U.S. Trustee bears the burden of establishing by a preponderance of the evidence that cause exists. *Sullivan v. Harnisch (In re Sullivan)*, 522 B.R. 604, 614 (B.A.P. 9th Cir. 2014) (citation omitted). If a bankruptcy court determines that there is cause to convert or dismiss, it must also: (1) decide whether conversion or dismissal is in the best interests of creditors and the estate; and (2) identify whether there are unusual circumstances establishing that conversion or dismissal is not in the best interests of creditors and the estate. *In re Sullivan*, 522 B.R. at 612.

/ / / /

/ / / /

    **B.**     **Cause exists under 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(G) because Debtor failed to attend the Section 341 meeting of creditors on January 26, 2023.**

24.     "Cause," as used in Section 1112(b)(1), is defined in pertinent portions of Section 1112(b)(4) as including (G) failure to attend the meeting of creditors convened under section 341(a) or an examination ordered under rule 2004 of the Federal Rules of Bankruptcy Procedure without good cause shown by the debtor." 11 U.S.C. §§ 1112(b)(1) & (b)(4)(G).

25.     The Debtor failed to appear at the 341 meeting of creditors on January 26, 2023. [*See* Cordero Declaration, p. 4; ¶22].

26.     There is no indication that the Court has relieved the Debtor from appearing at the 341 meeting of creditors, nor has the Debtor shown evidence of good cause for failure to attend the 341 meeting of creditors. [*See generally* Case Docket].

27.     Accordingly, there is cause to dismiss this bankruptcy case, and the Court should enter an order dismissing the case pursuant to 11 U.S.C. §§ 1112(b)(1) and (b)(4)(G).

    **C.**     **Cause exists under 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4)(H) because Debtor failed to provide the IDI documents reasonably requested by the U.S. Trustee and Debtor's representative failed to appear at the IDIs held on January 18 and 23, 2023.**

28.     "Cause" under Section 1112(b)(4)(H) states that a case shall be converted or dismissed if a debtor fails to failure timely to provide information or attend meetings reasonably requested by the U.S. Trustee. *See* 11 U.S.C. §§ 1112(b)(1) and (b)(4)(H).

29.     On December 22, 2022, the Office of the U.S. Trustee requested that Debtor produce by January 11, 2023, certain information, including evidence of insurance coverage, in advance of an initial debtor interview ("IDI") that the U.S. Trustee requested that the Debtor's representative and counsel attend on January 18, 2023. [*See* Cordero Declaration, p. 3; ¶13].

30.     Debtor has failed to provide all of the requested documents. [*See* Cordero Declaration, p. 3; ¶¶14-15].

31.     Debtor's representative, Donald S. Herman, failed to appear at the IDIs on January 18 and 23, 2023, although Debtor's counsel of record did appear. [*See* Cordero Declaration, pp. 3-4; ¶¶16-18].

32. The IDI documents and the time period given for producing those documents are standard for Chapter 11 cases. [*See* Cordero Declaration, p. 4; ¶20].

33. Accordingly, the request to produce the IDI documents before that IDI meeting was reasonable and Debtor had a reasonable time to respond.

34. Because the Debtor failed to respond to these reasonable requests for information, the Court should grant the relief requested in the Motion and enter an order dismissing this case.

**D.    Cause exists under 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4) because this case was filed in bad faith.**

35. Because the word "includes" precedes the sixteen listed examples of "cause" listed in 11 U.S.C. § 1112(b)(4), the listed examples are nonexclusive. *See* 11 U.S.C. § 102(3). Bad faith filing is considered to be an additional "cause" for conversion or dismissal under § 1112. *See, e.g., In re Trident Assocs. Ltd. P'ship*, 52 F.3d 127, 131-132 (6th Cir.1995); *ln re Marsch*, 36 F.3d 825, 828 (9th Cir. 1994).

36. "The existence of good faith depends on an amalgam of factors and not upon a specific fact." *Marsch* 36 F.3d at 828 (quoting *In re Arnold*, 806 F.2d 937, 939 (9th Cir.1986)).

37. Once a movant establishes the existence of a genuine issue concerning the debtor's lack of good faith, the debtor then bears the burden of proving good faith by a preponderance of the evidence. *See In re Yukon Enterprises*, 39 B.R. 919, 921-22 (Bankr. C. D. Ca1. l984).

38. In *In re Stolrow's Inc.*, 84 B.R. 167 (B.A.P. 9th Cir. 1988), the Bankruptcy Appellate Panel for the Ninth Circuit set forth "the factors which are usually present in cases not filed in good faith and which may be considered in a motion to convert or dismiss for cause" including:

    (1)    The debtor has only one asset.

    (2)    The secured creditors' lien encumbers that asset.

    (3)    There are generally no employees except for the principals.

    (4)    There is little or no cash flow, and no available sources of income to sustain a plan of reorganization or to make adequate protection payments.

Page -8-

  (5)  There are few, if any, unsecured creditors whose claims are relatively small.

  (6)  There are allegations of wrongdoing by the debtor or its principals.

  (7)  The debtor is afflicted with the "new debtor syndrome" in which a one-asset equity has been created or revitalized on the eve of foreclosure to isolate the insolvent property and its creditors.

  (8)  Bankruptcy offers the only possibility of forestalling loss of the property.

*Id*. at 171 (citations omitted). Another factor to consider is whether the case is essentially a two party dispute capable of prompt adjudication in state court. *See St. Paul Self Storage Ltd. Partnership v. Port Auth. (In re St. Paul Self Storage Ltd. Partnership)*, 185 B.R. 580, 583 (B.A.P. 9th Cir. Aug. 10, 1995) (citations omitted). "Generally speaking, when factors such as these indicate that a debtor is unreasonably deterring or harassing creditors rather than attempting a speedy and feasible reorganization, the court may conclude that the petition has been filed in bad faith and dismiss it." *Id*. (citations omitted).

39. In this case, Debtor's schedules and SOFA indicate that:

40. Debtor owns only one asset, the Property;

- The Property is subject to a secured claim by one creditor, SLS;
- Debtor has no money and no gross business or non-business revenue;
- Debtor has no priority or non-priority unsecured debt;
- The Property was scheduled to be sold at auction the day this case was commenced, filing bankruptcy triggered the automatic stay preventing that auction from going forward.
- The Debtor did not purchase the Property, but received it from Donald S. Herman's family trust for a nominal payment of $10, thus it is unclear whether the Debtor is liable for the secured debt listed on its Schedule D. [*See* Cordero Declaration, p.2; ¶5 & Exh. 1].

41. Based on Debtor's schedules and statements, this appears to be a two party dispute between Debtor and SLS. After triggering the automatic stay, Debtor has not shouldered its responsibilities as a debtor in possession to timely file complete schedules, provide documents or appear at the IDI, or appear at the Section 341 meeting of creditors.

42. In addition, Debtor's status as a Nevada limited partnership has been permanently revoked and therefore it does not appear that the Debtor had the ability to transact business as a limited partnership in Nevada at the time that the resolutions were signed that purport to authorize the Debtor to file this case. [*See* Declaration of Carla K. Cordero ("Cordero Declaration"), "), p. 2; ¶6 & Exh. 2; *see also* ECF No. 5].

43. Therefore, these factors suggest that this case was filed in bad and provides cause to dismiss or convert this case.

### E.   Cause Exists under 11 U.S.C. §§ 1112(b)(1) and 1112(b)(4) because Debtor has Failed to Expeditiously Prosecute this Bankruptcy Case.

44. Cause to dismiss or convert a Chapter 11 case also includes a debtor's failure to expeditiously prosecute its case. *In re Babayoff*, 445 B.R. at 79 (holding that because "[a] debtor's failure to make meaningful and substantive progress toward the confirmation of a plan . . . is nearly always prejudicial to creditors[,] . . . a debtor cannot wallow in chapter 11.") (quotations and citations omitted); *In re Milford Connecticut Assocs.*, 389 B.R. 303, 309 (Bankr. D. Conn. 2008) ("Chapter 11 debtors cannot 'have their cake and eat it too'; the extraordinary relief provided by the bankruptcy laws comes with a price . . . includ[ing] the responsibility to pursue an open and expeditious reorganization."); *In re Van Brunt*, 46 B.R. 29, 30 (Bankr. W.D. Wisc. 1984) ("The Chapter 11 debtor is a fiduciary of his creditors. . . and is obligated to prosecute his bankruptcy proceeding in an expeditious manner.") (citations omitted).

45. This case was filed more than a month ago. [*See* ECF No. 1]. Debtor did not file its Schedule E/F, G and H, and its SOFA until January 23, 2023 and has failed to file its summary of schedules, List of Top 20 Unsecured Creditors, or it list of equity owners. Debtor also failed to move for or secure an order to extend the filing deadline. [*See* Cordero Declaration]. Debtor has failed to produce the IDI documents reasonably requested by the U.S.

Trustee, and Debtor's representative has failed to appear twice at the IDI or to appear at the Section 341 meeting of creditors. [*See* Cordero Declaration]. In addition, counsel of record has failed to file a motion to be employed. Accordingly, Debtor has failed to expeditiously prosecute this case.

46. Given Debtor's failure to expeditiously prosecute this case as a fiduciary to its estate, cause exists to dismiss Debtor's case, or convert Debtor's case to Chapter 7.

**F.   Debtor's failure to file all documents required by Section 521(a)(1) within 15 days of the petition date also provides grounds to dismiss this case pursuant to 11 U.S.C. § 1112(e).**

47. Section 1112(e) provides, *inter alia*, that the Court may, upon the request of the United States Trustee, convert a case to one under Chapter 7, or dismiss a case, if the Debtor fails to file:

> [W]ithin fifteen days after the filing of the petition commencing such case or such additional time as the court may allow, the information required by paragraph (1) of section 521 (a), including a list containing the names and addresses of the holders of the twenty largest unsecured claims (or of all unsecured claims if there are fewer than twenty unsecured claims), and the approximate dollar amounts of each of such claims.

11 U.S.C. § 1112(e)(emphasis added).

48. Under Section 521(a)(1), a debtor is required to file a list of creditors, and "unless the court orders otherwise" various schedules, statements, and other detailed financial information. *See* 11 U.S.C. § 521(a)(1).

49. A review of the case docket does not show that the court has waived Debtor's duties under Section 521(a)(1). [*See generally* Case Docket]. The first business day that was fifteen days after the petition date was Thursday, January 5, 2023. [*See* Cordero Declaration, p. 2; ¶7].

50. Debtor failed to file Schedules E/F, G, and H, or its SOFA before the 14 day filing deadline in Fed. R. Bankr. P. 1007(c) passed and Debtor failed to move to extend that deadline before it elapsed. *See* Fed. R. Bankr. P. 1007(c).

51.  Debtor failed to file Schedules E/F, G, H, and its statement of financial affairs util January 23, 2023, thirty-three days after this case commenced. [*See* ECF Nos. 1, 2, 7, 8 & 13-14; *see generally* Case Docket]. Debtor has still failed to file the List of Creditors Holding 20 Largest Unsecured Claims (Form 4) containing the name, address and claim of the creditors that hold the 20 largest unsecured claims. [*Id.*]

52.  Accordingly, Debtor has failed to file the required documents within the time frame set forth in 11 U.S.C. § 1112(e) or to secure an extension to do so. Therefore, the Court should dismiss this case.

**G.  Once cause is established under 11 U.S.C. § 1112(b)(1), the Debtor has the burden of establishing all elements of the statutory defenses available under 11 U.S.C. § 1112(b)(2).[4]**

53.  Once "cause" is established, the burden then shifts to the debtor to demonstrate that §1112(b)(2) precludes relief under §1112(b)(1). *Sanders v. U.S. Trustee (In re Sanders),* 2013 Bankr. LEXIS 4681 at *18-19 (B.A.P. 9th Cir. April 11, 2013). The only exception to conversion or dismissal would be if the bankruptcy court specifically identifies "unusual circumstances . . . that establish that such relief is not in the best interest of creditors and the estate." *See* 11 U.S.C. §1112(b)(1). For the exception to apply: (a) the debtor must prove and the bankruptcy court must "find and specifically identify" that "unusual circumstances" exist to show that conversion or dismissal is not in the best interest of creditors and the estate; and (b) the debtor must prove that the cause for conversion or dismissal was reasonably justified, and that the basis for conversion or dismissal can be "cured" within a reasonable time. *See Warren v. Young (In re Warren)*, 2015 Bankr. LEXIS 1775 at *11-12 (B.A.P. 9th Cir. May 28, 2015). As noted, the debtor bears the burden of proving unusual circumstances are present in the case that render conversion or dismissal is not in the best interest of creditors or the estate. *In re Sanders*, 2013 Bankr. LEXIS 4681 at *18-19.

---

[4] Section 1112(b) applies to Section 1112(b)(1), not to Section 1112(e). *See* 11 U.S.C. § 1112(b)(2).

54. The record does not disclose any "unusual circumstances" that would establish justification against granting the relief requested in the Motion.

55. In determining whether to convert a case from Chapter 11 to Chapter 7 or dismiss it, a bankruptcy court must consider the interests of all creditors. *Shulkin Hutton, Inc., P.S. v. Treiger (In re Owens)*, 552 F.3d 958, 961 (9th Cir. 2009). The Court has broad discretion to determine whether dismissal or conversion of a Chapter 11 case is in the best interest of the creditors and the estate, driven by case-specific circumstances. *Cf., In re Staff Inv. Co.*, 146 B.R. 256, 260 (Bankr. E.D. Cal. 1992) (finding conversion in lieu of dismissal is warranted, where debtor betrays an intention to re-file a new bankruptcy case following dismissal of the current case, so to obtain a new automatic stay).

56. Debtor has not provided any evidence that it owns anything other than the Property, which the lender can foreclose upon outside of bankruptcy. Therefore, this case should be dismissed. *See Rand v. Porsche Fin. Servs. (In re Rand)*, 2010 Bankr. LEXIS 5076, 2010 WL 6259960, *10 n.14 (B.A.P. 9th Cir. Dec. 7, 2010) (internal citations omitted) (identifying ten factors courts have used to determine whether dismissal or conversion is in the best interests of creditors and the estate under §1112(b)(1)).

57. In the alternative, given the lack of complete schedules and the possibility that Debtor may have unsecured creditors that a Chapter 7 trustee might be able to pay through a sale of the Property, the U.S. Trustee does not object to the Court converting this case to a case under Chapter 7, if the Court ultimately determines that such relief is in the best interests of Debtor's creditors.

/ / / /

/ / / /

/ / / /

## IV. CONCLUSION

**WHEREFORE**, the U.S. Trustee moves the Court to enter an order (a) granting the Motion; (b) dismissing this case, or in the alternative, converting it to Chapter 7, if the Court ultimately determines that such relief is in the best interests of the Debtors' creditors and the estate; and (c) granting such other relief as is just under the circumstances.

Dated: January 27, 2023               Respectfully Submitted,

                                              TRACY HOPE DAVIS
                                              UNITED STATES TRUSTEE

                                       By:   /s/ *Edward M. McDonald Jr.*
                                                Edward M. McDonald Jr., Trial Attorney

# EXHIBIT A

# PROPOSED FORM OF ORDER

Terri H. Didion, Assistant United States Trustee
State Bar No. CA 133491
Carlos R. Hernandez-Vivoni, Trial Attorney
State Bar No. TX 24096186
Email: *carlos.hernandez-vivoni@usdoj.gov*
Edward M. McDonald Jr., Trial Attorney
State Bar No. NY 4126009
Email: *edward.m.mcdonald@usdoj.gov*
**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Tel: (702) 388-6600
Attorneys for the United States Trustee for Region 17
    TRACY HOPE DAVIS

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>**GRASS VALLEY HOLDING LIMITED PARTNERSHIP,**<br><br>                        Debtor. | Case No: BK-S-22-14484-ABL<br>Chapter 11<br><br>Date: March 1, 2023<br>Time: 1:30 p.m.<br>Location: Foley Courtroom 1-Remote |

## ORDER DISMISSING CASE

Based on the *Motion of the U.S. Trustee to Dismiss or Convert Chapter 11 Case, Pursuant to 11 U.S.C. §§ 1112(b) and (e) and Federal Rules of Bankruptcy Procedure 1017(f) and 9014 and Reservation of Rights* (the "Motion"), the Cordero declaration with attached exhibits filed in support of the Motion, the hearing held on March 1, 2023 (appearances noted

on the record), the Court having stated on the record its findings of fact and conclusions of law, which are incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7052, and Federal Rule of Civil Procedure 52, with good cause having been shown,

    **IT IS HEREBY ORDERED** that the Motion is **GRANTED**; and,

    **IT IS FURTHER ORDERED** that this case is **DISMISSED**.

    **IT IS SO ORDERED.**

Submitted by:

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By:  */s/ Edward M. McDonald Jr.*
      Edward M. McDonald Jr., Esq.
      United States Department of Justice
      Attorney for the United States Trustee

## RULE 9021 DECLARATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the Court's ruling and that:

☐ The court has waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

| APPROVE/DISAPPROVE | |
|---|---|
| _____<br>MICHAEL J. HARKER<br>2901 EL CAMINO AVE., #200<br>LAS VEGAS, NV 89102<br><br>*Counsel for the Debtor* | |

☐ I certify that this is a case under Chapter 7 or 13, that I served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

I declare under penalty of perjury that the foregoing is true and correct.

By: */s/ Edward M. McDonald Jr.*
Edward M. McDonald Jr., Esq.
United States Department of Justice
Attorney for the United States Trustee